**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| JENNIFER LYNN SLIDER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:21-cv-1308-P |
| | § | (NO. 4:19-cr-0302-P) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

<u>**OPINION AND ORDER**</u>

Came on for consideration the motion of Jennifer Lynn Slider, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:19-cr-0302-P, and applicable authorities, finds that the motion should be **DENIED**.

## I.   BACKGROUND

The record in the underlying criminal case reflects the following:

On October 17, 2019, Movant was named, along with others, in a one-count information charging her with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 119. On that same date, a waiver of indictment form and a factual resume signed by Movant and her counsel were filed. CR Doc. 140; CR Doc. 141. The factual resume set forth the charge, the maximum penalties Movant faced, the elements of the offense, and the stipulated facts establishing

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-cr-0302-P.

that Movant had committed the offense. CR Doc. 141. On October 22, 2019, Movant entered a plea of guilty. CR Doc. 144.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 30. CR Doc. 210, ¶ 26. She received two-level enhancements for possession of firearms, maintaining a drug premises, and obstruction of justice. *Id.* ¶¶ 27, 28, 31. She received a two-level adjustment for being a minor participant. *Id.* ¶ 30. She also received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 34, 35. Based on a total offense level of 31 and a criminal history category of II, Movant's guideline imprisonment range was 121 to 151 months. *Id.* ¶ 82. The government objected that Movant was not a minor participant in the scheme. CR Doc. 220. Movant also filed objections, CR Doc. 224, and amended objections. CR Doc. 227. The probation officer prepared an addendum to the PSR accepting the government's objection and rejecting Movant's objections. CR Doc. 248. The probation officer prepared a second addendum to the PSR to reflect that Movant's total offense level was 35 and her guideline imprisonment range was 188 to 235 months. CR Doc. 262. Movant filed further objections. CR Doc. 266.

On February 20, 2020, the Court sentenced Movant to a term of imprisonment of 188 months. CR Doc. 334. Movant appealed. CR Doc. 303. The United States Court of Appeals for the Fifth Circuit affirmed. *United States v. Slider*, 833 F. App'x 587 (5th Cir. 2021).

## II.    GROUNDS OF THE MOTION

Movant asserts three grounds in support of her motion. First, movant says that she received ineffective assistance of counsel because her attorney advised her to plead guilty to a charge on which she had not been indicted and without benefit of a plea agreement. Doc.[2] 1 at 4. Second,

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

movant alleges that she received ineffective assistance of counsel because she was categorized erroneously as a category 2 criminal history and her attorney failed to have the error corrected. *Id.* at 5. And, third, she says that she was not given a copy of her PSR, but only reviewed it briefly with her attorney. *Id.* at 7.

### III.   APPLICABLE LEGAL STANDARDS

#### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

### IV.   ANALYSIS

Movant's first ground was waived by her guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (all nonjurisdictional defects are waived by a guilty plea). The waiver includes all claims of ineffective assistance of counsel, except to the extent the alleged ineffectiveness relates to the voluntariness of the plea. *Id.* Here, Movant does not contend that her guilty plea was not knowing, voluntary, and intelligent and it does not appear that she could. The record reflects

4

that Movant was arrested on a criminal complaint alleging that she had obstructed justice, in violation of 18 U.S.C. § 1503, and committed perjury, in violation of 18 U.S.C. § 1621. CR Doc. 1.  A separate criminal complaint, also docketed as CR Doc. 1, alleged that she had committed conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. The potential sentences for those charges greatly outweighed the potential 20-year statutory maximum of the conspiracy count in the information to which she pleaded guilty. Conspiracy to distribute 50 grams or more of methamphetamine would have subjected Movant to a potential sentence of 40 years. 21 U.S.C. § 841(b)(1)(B). Further, a defendant has no right to a plea agreement, but Movant's conclusory allegation would not suffice to raise a constitutional issue in any event. *Miller*, 200 F.3d at 282.

In support of her second ground, Movant alludes to be being erroneously categorized as "having a category 2 criminal history." Doc. 1 at 5. As the government points out, there may have been confusion caused by the PSR referring to category I at one place and category II at another. Doc. 6 at 10. As a matter of fact, Movant had two adult convictions that received one point each, for a total of two criminal-history points, yielding category II. USSG Ch.5, Pt. A. In the first addendum to the PSR, the probation officer noted that there had been a typographical error in paragraph 42 of the original PSR, and that the proper category was II. CR Doc. 248. Any objection would have been frivolous. Movant's counsel was not ineffective for failing to raise a frivolous issue. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

In her final ground, Movant contends that she was not given a copy of her PSR, but only allowed to review it briefly with her attorney. Doc. 1 at 7. She does not explain what harm resulted. She has not shown that she received ineffective assistance of counsel for this reason. To the extent

that this was intended to be a complaint about the failure to comply with Rule 32 regarding disclosure of the PSR, failure to follow the formal requirements of the Rule is not of itself an error that can be raised on collateral attack under § 2255. *Hill v. United States*, 368 U.S. 424, 426 (1962). Even if it could, Movant failed to raise this issue on direct appeal and has made no attempt to show cause and prejudice for her failure to do so. *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996); *Shaid*, 937 F.2d at 232.

## V.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in Movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **10th day** of **June, 2022**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

6